**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5253**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ANTONIO GARNER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Terrence W. Boyle,
District Judge.   (5:10-cr-00185-BO-1)

———————————

Submitted:  December 16, 2011       Decided:  December 22, 2011

———————————

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Antonio Garner pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him as an armed career criminal and imposed a sentence of 180 months' imprisonment, the statutory minimum. The sole issue on appeal is whether Garner's prior North Carolina convictions for possession with intent to sell and deliver cocaine and possession of cocaine for sale qualify as serious drug offenses within the meaning of the Armed Career Criminal Act. See 18 U.S.C. § 924(e)(2)(A)(ii) (2006). Garner concedes that the offenses would have been classified as serious drug offenses at the time he was convicted in state court. The Supreme Court recently held that "a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense." McNeill v. United States, 131 S. Ct. 2218, 2224 (2011). Accordingly, we conclude that the district court properly sentenced Garner as an armed career criminal, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED